IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tiffany Shipley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:21-1871-cv-BHH |
| ) | |
| Kilolo Kijakazi, ) | **ORDER** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On May 30, 2023, counsel for Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 25.) In the motion, counsel requests reimbursement for representation provided in the above-captioned case in the amount of $18,259.75. As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than twenty-five percent (25%) of the past-due benefits recovered by Plaintiff.

On June 13, 2023, counsel for the Commissioner of Social Security ("Commissioner") filed a response to the motion, indicating that the Commissioner neither supports nor opposes counsel's request. (ECF No. 28.)

The Court has reviewed the motion and exhibits, as well as the Commissioner's response, and finds that counsel's request for fees is reasonable in light of the overall complexity of this case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved. *See Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

Accordingly, it is **ORDERED** that Plaintiff's counsel's motion for $18,259.75 in attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 25) is **GRANTED**. Plaintiff's

counsel shall refund to Plaintiff the amount of fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 20, 2023
Charleston, South Carolina

---

[1] Plaintiff received a total of $3,816.66 in attorney's fees under EAJA (ECF No. 24), and Plaintiff's counsel must refund to Plaintiff the amount of fees already received. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fees may be awarded under both § 406(b) and EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee) (internal quotations and citation omitted)*; Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010).